UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2024 SEP 10 P 12:57
CLERK OF COURT

UNITED STATES OF AMERICA,

    Plaintiff,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
PEYTON T. SHIPMAN-ALLEN, a/k/a "Tim Tim,"
TAVIAUN S. LOVE, a/k/a "Lil Tay,"
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
RICKY Q. CHAMBERS, a/k/a "Goldi," and
EUGENE L. HERROD,

    Defendants.

Case No. 24-CR-179

[21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), & 841(b)(1)(C); 18 U.S.C. § 2(a)]

**Green Bay Division**
**SEALED**

---

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1.    Beginning in approximately January 2023, and continuing until approximately July 2024, in the State and Eastern District of Wisconsin and elsewhere,

**PEYTON T. SHIPMAN-ALLEN, a/k/a "Tim Tim,"**
**TAVIAUN S. LOVE, a/k/a "Lil Tay,"**
**RICKY Q. CHAMBERS, a/k/a "Goldi," and**
**EUGENE L. HERROD,**

knowingly and intentionally conspired with each other and with persons known and unknown to the grand jury to distribute and possess with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

1

2. Before committing the offense charged in this count, defendant Herrod had a final conviction for a serious violent felony, namely, a conviction for robbery with use of force under Wisconsin Statute Section 943.32(1)(a), for which he served more than 12 months imprisonment.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 9, 2023, in the State and Eastern District of Wisconsin,

**EUGENE L. HERROD**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 30, 2023, in the State and Eastern District of Wisconsin,

**EUGENE L. HERROD**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 20, 2024, in the State and Eastern District of Wisconsin,

**RICKY Q. CHAMBERS, a/k/a "Goldi,"**

knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 18, 2024, in the State and Eastern District of Wisconsin,

**RICKY Q. CHAMBERS, a/k/a "Goldi,"**

knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## NOTICE OF FORFEITURE

1. Upon conviction of the controlled substance offenses alleged in Counts One through Five, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

FOREPERSON

Dated: 10 SOPT 2024

_____
GREGORY J. HAANSTAD
United States Attorney

7